## A92A1541. DODD et al. v. THE STATE.
(422 SE2d 313)

McMURRAY, Presiding Judge.

Defendants were convicted of racing and they appeal, enumerating error upon the general grounds. Viewing the evidence in a light favorable to the State, we find the following:

On September 9, 1991, at approximately 1:39 p.m., two City of Gainesville police officers were parked next to each other in a parking lot. As the officers talked, they heard the sound of two automobiles accelerating at a high rate of speed. The noise got louder as the automobiles approached the officers and the officers watched the automobiles go by at approximately 50 to 55 mph. (The speed limit was 35 mph.) The acceleration noise continued after the automobiles passed the officers.

The automobiles were going east, in separate lanes, on Jesse Jewel Parkway. One automobile, a Chevelle with a 454 cubic inch engine, was being driven by defendant Goss. The other automobile, a Camaro with a 350 cubic inch engine, was being driven by defendant Dodd. The officers gave chase and the automobiles went four or five blocks until they came to a stop at a stoplight.

The officers observed the automobiles for about 45 seconds. The officers testified at trial that, during that time, the Chevelle was trying to "outrun" the Camaro and it appeared to be pulling ahead. They admitted, however, that the distance between the two automobiles basically stayed the same.

Defendants testified that they had driven their automobiles at a drag racing strip and knew that they were capable of going between 120 and 140 mph. The officers acknowledged that the automobiles were capable of going much faster than 50 or 55 mph. *Held*:

OCGA § 40-6-186 (b) provides: "No person shall drive any vehicle on a highway in this state in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition of speed, contest of speed or test or exhibition of speed." Racing is defined in OCGA § 40-6-186 (a) (2) as "the use of one or more vehicles in an attempt to outgain, outdistance, or prevent another vehicle from passing, to arrive at a given destination ahead of another vehicle or vehicles, or to test the physical stamina or endurance of drivers over long-distance driving routes."

In our view, the evidence was sufficient to enable any rational trier of fact to find defendants guilty of violating OCGA § 40-6-186 ("Racing"), beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). It is not significant, legally speaking, that the automobiles were capable of going faster than they

were or that the distance between the automobiles basically stayed the same.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1992.

*L. Eddie Benton, Jr.*, for appellants.

*Jerry Rylee, Solicitor, Graham McKinnon IV, Assistant Solicitor*, for appellee.