[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10324
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00004-CDL

ANDREW BURNETT,

Plaintiff - Appellant,

versus

UNIFIED GOVERNMENT OF
ATHENS-CLARKE COUNTY, GEORGIA,
JOSEPH H. LUMPKIN, SR.,
Chief of Police,
IRA EDWARDS,
Sheriff,
CHRISTOPHER B. WRIGHT,
SCOTT SIMPSON, et al.,

Defendants - Appellees,

ATHENS-CLARKE COUNTY POLICE DEPARTMENT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 3, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Andrew Burnett, proceeding pro se, appeals the district court's grant of summary judgment in favor of the defendants, police officers Christopher Wright, Laura Guest, and Scott Simpson. Burnett brought a claim against the defendants under 42 U.S.C. § 1983, alleging that they violated his Fourth Amendment rights. Burnett contends that the district court erred by finding that the arresting officers were entitled to qualified immunity on his malicious prosecution claim. He also contends that the district court abused its discretion by awarding costs to the defendants.

I.

We review de novo a district court's grant of qualified immunity and resolve all issues of material fact in favor of the non-moving party. Bryant v. Jones, 575 F.3d 1281, 1294 (11th Cir. 2009). "To be eligible for qualified immunity, the official must first establish that he was performing a 'discretionary

2

function' at the time the alleged violation of federal law occurred." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). If the official makes that showing, "the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." Id. The plaintiff must show that the defendant has committed a constitutional violation and that the constitutional right the defendant violated was clearly established when the violation occurred. Id.

## A.

"To determine whether an official was engaged in a discretionary function, we consider whether the acts the official undertook are of a type that fell within the employee's job responsibilities." Id. (quotation marks omitted). There can be no serious dispute that the police officer defendants in the present case were acting within their discretionary authority when they stopped Burnett and arrested him for racing and driving under the influence of alcohol. The official responsibilities of a police officer on patrol include making traffic stops and arresting people who are suspected of committing traffic violations. See id.; see also Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) ("[T]here can be no doubt that [the defendant police officer] was acting in his discretionary capacity when he arrested" the plaintiff.). Thus, despite Burnett's arguments to the contrary, the district court correctly shifted the burden to Burnett to show that the officers were

3

not entitled to qualified immunity.  See Lee, 284 F.3d at 1194.

B.

Viewing the facts in the light most favorable to Burnett, the officers had arguable probable cause to arrest him for racing.  See Crosby, 394 F.3d at 1332 ("Qualified immunity applies when there was arguable probable cause for an arrest even if actual probable cause did not exist.  Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present.").  Burnett testified in his deposition that he was driving a truck with holes in the muffler, and the truck was loud while idling or driving.  He also testified that he was driving about forty miles per hour.

That testimony supports Officer Wright's statement that he heard the truck's loud motor and then saw the truck and another vehicle accelerate from a stop and travel at a high rate of speed for a short distance.  Based on those observations, a police officer reasonably could have believed that there was probable cause to arrest Burnett for racing.  See Ga. Code § 40-6-186(a)(2), (b) (making racing a crime and defining it as "the use of one or more vehicles in an attempt to outgain, outdistance, or prevent another vehicle from passing"); cf. Dodd v. State, 422 S.E.2d 313, 314 (Ga. Ct. App. 1992) (holding that there was enough evidence to

4

find defendants guilty of racing where officers heard the sound of two cars "accelerating at a high rate of speed," observed them going above the speed limit, and believed the cars were trying to outrun each other, even though the distance between the two cars stayed the same).

Even though Officers Guest and Simpson did not personally observe what Officer Wright witnessed, they reasonably relied on the information that Wright provided about the suspected racing offense. See United States v. Willis, 759 F.2d 1486, 1494 (11th Cir. 1985) (quotation marks and alteration omitted) ("Probable cause exists where the facts and circumstances within the collective knowledge of law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed."). Guest and Simpson had arguable probable cause to stop Burnett and arrest him for racing. Because there was arguable probable cause to arrest Burnett for that offense, the defendants are entitled to qualified immunity. See Brown v. City of Huntsville, Ala., 608 F.3d 724, 735 (11th Cir. 2010) ("If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply.").[1]

---

[1] Burnett also contends that the officers lacked arguable probable cause to arrest him for DUI even though Burnett later testified he had consumed three or four beers on the night of the arrest, Officer Wright smelled alcohol on Burnett's breath, and he refused to take a required,

Accordingly, we affirm the district court's grant of summary judgment with regard to Burnett's malicious prosecution claim against the officers. See Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003) ("To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution.").

## II.

Burnett also contends that the district court abused its discretion by ordering him to pay costs to the defendants. "Appellate jurisdiction is limited to final decisions of the district court." Mekdeci v. Merrell Nat'l Lab., 711 F.2d 1510, 1523 (11th Cir. 1983). The district court has not fixed the amount of costs that Burnett will be required to pay. Therefore, the award is not final and we lack jurisdiction to consider this issue. See id. ("Here, the order in controversy is not final. While the district court has announced its intention to award costs to [the defendant], it has yet to fix the amount.").

**AFFIRMED IN PART, DISMISSED IN PART.**

---

state-administered chemical test. We need not address the arrest for DUI because we have already determined that there was arguable probable cause to support Burnett's arrest for racing. See Brown, 608 F.3d at 735.

6